UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS LEE JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>ED BARBERINI, et al.,<br><br>        Defendants. | Case No. 23-cv-00695 BLF<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various officers, officials, and entities within the City and County of San Mateo. Dkt. No. 1. This matter was reassigned to the undersigned. Dkt. Nos. 7, 8. Plaintiff's motion for leave to proceed *in forma pauperis* has been granted in a separate order. Dkt. Nos. 2, 6.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Plaintiff's Claims

Plaintiff names the following as Defendants: Chief Ed Barberini of the San Mateo Police Department ("SMPD"); Officer Phaymany Syvongxay of the SMPD; Sheriff Carlos Bolanos of San Mateo County; the San Mateo County Jail; Officer M. Vazquez of the Jail; the City of San Mateo; the County of San Mateo; and the San Mateo County Sheriff's Department.  Dkt. No. 1 at 2.

Plaintiff's allegations include the following: (1) on April 3, 2022, he was subject to cruel and unusual punishment under the Eighth Amendment when "Defendants" tried to kill him by intentionally placing inmates in his cell who had recently tested positive for Covid-19 on December 21, 2022; (2) on April 3, 2022, he was arrested by Defendants Barberini and Syvongxay and booked on drug charges that were later dropped; (3) on September 3, 2022, Defendants Bolanos and Vazquez intentionally planted illegal drugs on him and lied in documents stating that Plaintiff had given it to them; (4) Defendants Barberini and Syvongxay have been stalking and threatening him for years, setting him up with bogus cases and causing unjust harm; (5) in 2016, Defendants used a fake photo to set Plaintiff up for a robbery, sending him to prison for approximately 5 and half years; (6) in 2001, Defendants used their corrupt influence to have a superior court judge enter a directed guilty verdict for which Plaintiff served 14 years of a 25 years to life sentence

2

(third strike offense); and (7) in 1997, Plaintiff served four years in prison for throwing a bottle of beer at a wall, giving him a second strike which was "set up" by Defendants "using corruption and the abuse of the charging function." Dkt. No. 1 at 2-3.  Plaintiff seeks damages for the years spent incarcerated by "Defend[ants] and or conspirators working in concert with them from 1984 to today[]." *Id.* at 3.

### A.     Challenged Convictions

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.  When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The complaint indicates that Plaintiff is currently incarcerated at North Kern State Prison.  Dkt. No. 1 at 1.  The allegations indicate that Plaintiff already has three strikes against him. *See supra* at 2.  However, the allegations also indicate that he was released at some point, and then again arrested and imprisoned, likely for violating conditions of parole, based on allegedly bogus drug charges. *Id.*  Plaintiff raises allegations that implicate the validity of his past convictions, e.g., the 2001 and 2016 convictions.  However, there is no indication that any of those convictions or sentences have been invalidated.  Therefore, his claim for damages "for every year [he] was incarcerated" since

3

1984 must be dismissed without prejudice under the rationale of *Heck* because success on his claims would necessarily imply the invalidity of Plaintiff's convictions. 512 F.3d at 487. Until and unless those convictions are invalidated, Plaintiff cannot bring a claim for damages under § 1983. Plaintiff shall be granted an opportunity to file an amended complaint to allege facts showing that the challenged convictions have been invalidated and therefore not barred by *Heck*. If the convictions have not been invalidated, then the claims must be dismissed.[1] *Id.*

If any of the convictions have been invalidated, Plaintiff's claims challenging those convictions may have to be pursued in separate action(s) if they are improperly joined herein for the reasons discussed below. *See infra* at 6.

B.   **Exposure to Covid-19**

Plaintiff's allegation regarding his exposure to Covid-19 infected inmates indicates a challenge to conditions of confinement. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently

---

[1] If Plaintiff wishes to challenge the constitutionality of a conviction or sentence, he may do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, provided he has not previously attempted to do so and has exhausted judicial remedies. *See* 28 U.S.C. §§ 2244(b)(1), 2254(b).

4

culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations are insufficient to state an Eighth Amendment claim. He claims Defendants violated his Eighth Amendment right when they intentionally exposed him to inmates infected with Covid-19. However, the allegations are unclear as to the order of events. He claims that on April 3, 2022, Defendants attempted to kill him by intentionally placing inmates in his cell "who had just tested positive for the Covid-19 virus on December 21, 2022." Dkt. No. 1 at 2. This timeline simply does not make sense. Furthermore, Plaintiff does not allege any harm suffered by this exposure as there is no allegation that he caught Covid-19 from the exposure and suffered physical harm as a result. Even if Plaintiff tested positive but was asymptomatic, there would be no resulting harm. *See McGuckin*, 974 F.2d at 1060. Moreover, Plaintiff fails to allege how each named Defendant is directly responsible for the alleged danger to his health and safety. *See Farmer*, 511 U.S. at 837. Nowhere in his statement of claim does he describe the individual actions of any of the named defendants to establish that they were each

5

personally involved in the alleged exposure to Covid-19, or much less that they each acted with deliberate indifference. Plaintiff shall be granted leave to amend this claim to allege specific facts so that the Court can determine whether he states a cognizable Eighth Amendment claim.

### C. False Arrest

Plaintiff alleges that Chief Barberini and Officer Syvongxay planted evidence (illegal drugs) and that Sheriff Bolanos and Officer Vazquez lied in their statements. *See supra* at 2. Plaintiff alleges that the drug charges were later dropped. *Id.*

The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Based on his allegations, Plaintiff may have a claim for false arrest. *Heck* generally bars claims challenging the validity of an arrest or prosecution. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). But even if the claim was not barred, it does not appear to be related to Plaintiff's claim regarding unconstitutional prison conditions (Covid-19 exposure).

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that

6

prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants).

As discussed above, Plaintiff does not allege which specific Defendants were responsible for his exposure to Covid-19. *See supra* at 5. Unless Plaintiff is able to allege that at least one Defendant was responsible for both the unlawful prison condition and the false arrest, Plaintiff cannot pursue both claims in the same action. This is also true for any claims challenging past convictions that have been invalidated and not barred by *Heck* as discussed above. *See supra* at 3-4. Furthermore, defendants may not be joined in the same action unless a question of law or fact is common to all of them.

Plaintiff shall be granted leave to amend to attempt to show that the false arrest claim is not barred by *Heck,* and that the claims and defendants in this action are properly joined under Rules 18(a) and 20(a).

///

7

### D.    Amended Complaint

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.    The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 23-cv-00695 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.    **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action with prejudice for failure to state a claim without further notice to Plaintiff.**

8

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  ___**July 6, 2023**_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.23\00695Jackson_dwlta